42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles A. McCRAE, Defendant-Appellant.
 No. 93-3984.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1994.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and ZATKOFF,* District Judge.
 PER CURIAM.
 
 
 1
 A jury convicted defendant, Charles McCrae, of three counts of making a false statement to a bank, in violation of 18 U.S.C. Sec. 1014, and one count of making a false statement during a bankruptcy proceeding, in violation of 18 U.S.C. Sec. 152. Defendant now appeals, arguing that the District Court erred in denying his motion for a new trial. We affirm.
 
 I.
 
 2
 On April 1, 1992, a federal grand jury issued a superseding indictment charging defendant, an attorney, with five counts of making a false statement. The jury acquitted defendant on count one, making a false statement regarding his income on a loan application, but convicted him on the four remaining counts. Counts two and three accused defendant of falsely informing a bank that funds seized in a set-off were client funds, not his own personal money. These statements caused the bank to restore the funds to his account. Count four charged defendant with falsely reporting his income and his indebtedness on a loan application, and count five accused him of perjury before a bankruptcy court.
 
 
 3
 The jury returned its verdict on May 5, 1993. On May 18, 1993, defendant filed a motion for a new trial based on ineffective assistance of counsel. According to defendant, his lawyer knew he was seeing a doctor who had prescribed Xanax. Defendant argued that his lawyer should have inquired further into the side effects of this medication, which allegedly include memory loss. Defendant argued that, had this information been presented to the jury, it might have caused them to reach a different verdict.
 
 
 4
 Over the government's objections, the District Court ruled that the motion was timely filed. After considering the merits of the motion, however, the District Court concluded that a new trial was not warranted. Defendant now appeals.
 
 II.
 
 5
 The government argues that defendant's appeal is jurisdictionally barred because his motion for a new trial was not timely filed. The Federal Rules of Criminal Procedure set forth the time limits governing motions for a new trial:
 
 
 6
 A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment.... A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.
 
 
 7
 Fed.R.Crim.P. 33.
 
 
 8
 Defendant attempts to take advantage of the longer time period by characterizing his motion as one based on newly discovered evidence. To the extent it can be so characterized, the District Court correctly concluded that defendant did not present the court with any evidence to support his claims that he suffered memory loss due to Xanax. To the extent defendant's motion is based on any other ground, such as ineffective assistance of counsel, it was untimely filed. The jury issued its verdict on Wednesday, May 5. Accordingly, defendant's motion should have been filed on or before Friday, May 14. Fed.R.Crim.P. 33 & 45(a). His motion was not filed until Tuesday, May 18.
 
 
 9
 Defendant argues that Fed.R.Crim.P. 45(e) extends the permissible time period to Wednesday, May 19, thus making his motion timely. That rule provides:
 
 
 10
 Whenever a party has the right or is required to do an act within a prescribed period after the service of a notice or other paper upon that party and the notice or other paper is served by mail, 3 days shall be added to the prescribed period.
 
 
 11
 Fed.R.Crim.P. 45(e).
 
 
 12
 The plain language of the rule vitiates defendant's argument. The three-day extension is available only when the permitted action follows "the service of a notice or other paper upon that party and the notice or other paper is served by mail." Here, Rule 33 required defendant to file his motion within seven days after the verdict. The verdict was read in open court in defendant's presence, not served upon him by mail. Consequently, defendant is not entitled to the extra time, and his motion was untimely filed. As a direct result of that untimely filing, both the District Court and this court are without jurisdiction to review defendant's motion to the extent it raises incompetency of counsel. United States v. Koehler, 24 F.3d 867, 869 (6th Cir.1994), pet. for cert. filed, 63 U.S.L.W. 3296 (Sep. 29, 1994).
 
 III.
 
 13
 For the foregoing reasons, we AFFIRM the District Court.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation